UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                     :

UNITED STATES OF AMERICA        :
                                                     :    CASE NO. 1:09-CR-00432
        Plaintiff-Respondent,      :

vs.                                                  :    ORDER

GARY S. BUCK,                      :

        Defendant-Petitioner.     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The government files a motion to dismiss Defendant-Petitioner Buck's motion to vacate, which was filed under 28 U.S.C. § 2255, on the grounds that the motion to vacate was not timely filed within the one-year limitations period. [Doc. 28 at 4.] Petitioner Buck's conviction for being a felon in possession of a firearm became final on February 14, 2010. The government says that Buck's motion is time barred because the date upon which the motion was filed at the Clerk's Office – May 6, 2011 – is more than one year after the Petitioner's conviction became final. [*Id.*] Petitioner Buck, however, says that his petition was timely filed because he delivered it to prison officials on January 23, 2011. [Doc. 29.]

Contrary to the government's assertion, a prisoner's motion to vacate is generally considered filed at the time it is submitted to prison officials. *Anderson v. United States*, 39 F. App'x 132, 135-36 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)). A prisoner's signature

-1-

-2-

Case No. 1:09-CR-00432
Gwin, J.

on a motion to vacate is evidence of the date upon which is was actually submitted. *Anderson*, 39 F. App'x at 136-36; *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). In the instant case, Petitioner Buck's motion to vacate was signed on January 23, 2011, within the statutory limitations period. [Doc. 26 at 22, 24.] Petitioner Buck also represents to the Court that he delivered the motion to prison officials on the same day. [Doc. 29.] Unless the government submits contrary evidence proving that the motion to vacate was served upon prison officials after the statute of limitations period had run, the Court will deem the Petitioner's motion timely. The government may submit such evidence to the Court by August 8, 2011.

  IT IS SO ORDERED.


Dated: July 12, 2011          s/  *James S. Gwin*
                    JAMES S. GWIN
                    UNITED STATES DISTRICT JUDGE