```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
UNITED STATES OF AMERICA                :
                                        :    CASE NO. 1:09-cr-432
         Plaintiff/Respondent,          :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Doc. Nos. 26, 28, 29.]
GARY S. BUCK                            :
                                        :
         Defendant/Petitioner           :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action, this Court decides whether Petitioner Gary S. Buck filed his petition for habeas corpus relief within the one-year time limit for filing habeas corpus petitions.

**I. Factual Background**

On February 1, 2010, Petitioner Gary S. Buck was sentenced for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 6, 2011, he filed a petition to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel and making several arguments under the Fourth, Fifth, and Sixth Amendments. [Doc. 26.] On June 9, 2011, the Government moved to dismiss Buck's petition, arguing that the petition was untimely filed–nearly four months past the one-year limitation period–and was therefore time-barred. [Doc. 28.] On July 1, 2011, the Petitioner filed a document opposing the Government's motion to dismiss, saying that the Government "made false statement[s] about the filing date" of his petition. Buck says that the petition was delivered to prison officials on January 23, 2011, and that the Government

-1-

Case No. 1:09-cr-432
Gwin, J.

failed to account for substantial delays in delivery. [Doc. 29.]

On July 12, 2011, this Court indicated by Order that it would consider Petitioner Buck's motion timely filed, unless the government presented evidence that the petition was not served on prison officials until after the statute of limitations ran. [Doc. 30.] On August 9, 2011, the Government submitted further evidence in support of its motion to dismiss, that suggested that the Petitioner had dated his motion to avoid being time-barred. The Government attached a declaration from a federal penitentiary mailroom official and the two envelopes that transmitted Petitioner Buck's petition. [Doc. 32.] On August 25, the Petitioner submitted a reply contesting the Government's evidence. [Doc. 34.]

## II. Standards of Law

28 U.S.C. § 2255 establishes a one-year period of limitations for filing habeas corpus petitions. When an inmate files a *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, it is time barred if filed one year after the date when the conviction became final. *See Stanley v. United States*, No. 1:08-cv-173, 2010 WL 2302300, at *2 (W.D. Mich. June 4, 2010). Under the prison mailbox rule, a prisoner's motion to vacate is considered filed at the time it is submitted to prison officials. *Anderson v. United States*, 39 F. App'x 132, 135-36 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)). The prisoner's signature on a motion to vacate is evidence of the date upon which it was actually submitted. *Anderson*, 39 F. App'x at 136; *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). However, a petitioner's signature need not be blindly credited where "contrary evidence" indicates untimely filing, *see Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008), in which case the petitioner bears the burden of demonstrating timely filing. *United States v. Adkins*, No. 1:01-CR-276, 2005 WL 1308055, at *2 (W.D. Mich. May 27,

Case No. 1:09-cr-432
Gwin, J.

2005); Grady v. United States, 269 F. 3d 913, 916-17 (8th Cir. 2001) ("[The petitioner] bears the ultimate burden of proving his entitlement to benefit from the [prison mailbox] rule.").

## II. Analysis

Petitioner Buck's conviction became final on February 14, 2010, but his motion to vacate was not filed with the Clerks' Office until May 6, 2011, nearly three months after the limitations period expired. Under the prison mailbox rule, the motion to vacate would have been timely filed if delivered to prison officials before February 14, 2011, Anderson, 39 F. App'x at 136, and Petitioner Buck says that he delivered the motion to prison officials on January 23, 2011, the same date he wrote on the signature page. [Doc. 29.] The Court finds that the evidence conclusively demonstrates otherwise.

"Absent contrary evidence," the Court would assume–as it did in its July 12, 2011 Order–that the petitioner delivered his motion on the same day it was dated. Brand, 526 F.3d at 925. Compelling contrary evidence, however, shows that the motion was back-dated. The Government has submitted evidence that Priority Mail, the method Petitioner Buck used to transmit his motion, is delivered to the Post Office the next business day. [Doc. 32-2 at 3.] This evidence is corroborated by the prompt delivery of the Petitioner's other filing: his reply to the Government's Motion to Dismiss, which was postmarked four business days after the certification date, bolsters the mailroom official's declaration that mail delivery was routine and timely. [Doc. 32-3.]

Additionally, the magnitude of the delay, which is well beyond the heartland of reasonably anticipated delays, makes the Petitioner's burden to establish timely filing heavier. Brand, 526 F. 3d at 925 (applying prison mailbox rule where no contrary evidence was presented and complaint was filed three days late); Towns, 190 F.3d at 469 (same where no contrary evidence was presented

-3-

Case No. 1:09-cr-432
Gwin, J.

and motion to vacate was filed five days late).  Though the extended delay in this case–nearly four months–does not impose a *prima facie* bar on the application of the prison mailbox rule, the Court, in weighing conflicting evidence of timeliness, examines an otherwise unsubstantiated date on a motion to vacate more critically as the period of alleged delay expands. The nearly four-month delay alleged here must withstand more scrutiny than a delay of three or five days, especially in light of the uncontroverted evidence that the same mailroom's delivery methods were otherwise demonstrably prompt.

The Petitioner's efforts to undermine the Government's evidence are unconvincing. Petitioner Buck says that the Government "has not submit[ted] contrary evidence," [Doc. 34 at 4], but the Government's evidence showing prompt, systematic and routine prison mail procedures is clearly the type of contrary evidence which can call into doubt a petitioner's direct statement, even one made under penalty of perjury, that a filing was timely transmitted to prison officials.  *See Grady*, 269 F.3d at 918-19.  The Petitioner attacks the prison official's "False Declaration," contesting the official's estimate of the total number of prisoners served by the mailroom ("approximately 1,700") as off by 200, [Doc. 34 at 6]; [Doc. 34-2], but the number was avowedly estimated and irrelevant to the procedures attested to.  He alleges that legal mail has been opened without the presence of addressees, but attaches a number of apparently photocopied envelopes marked, alternately, "Does Not Meet B.O.P. Criteria Of Special Mail Handling," [Doc. 34-3], without providing any showing of violations of Bureau of Prisons policy, and if so, how.  He includes a description from a different prison official concerning the procedures for handling general mail, that the Petitioner claims contradicts the affidavit describing procedures for special or legal mail.  [Doc. 34 at 11.]  As a result of these purported "lies," the Petitioner suggests prosecuting the

-4-

Case No. 1:09-cr-432
Gwin, J.

prison official for false statements and the assistant U.S. Attorney for prosecutorial misconduct. [Doc. 34 at 14.]   None of these arguments bear any weight in shouldering the Petitioner's burden to demonstrate timely transmission to prison officials in light of the compelling contrary evidence presented here.

Finally, the Petitioner appends petitions for certiorari which appear to be from fellow inmates, all of which were returned for technical deficiencies by the Clerk of the U.S. Supreme Court. [Doc. 34-5]; [Doc. 34-6];  [Doc. 34-7].  The petitions are dated by the inmate petitioners approximately three weeks [Doc. 34-6] and four months [Doc. 34-5] before the postmark date identified by the Clerk of the U.S. Supreme Court (one, [Doc. 34-7], does not include the underlying petition) but there are no indications concerning when these petitions might have been delivered to prison officials and no statements from any of the various petitioners concerning delivery or authenticity.  On their own, these assembled documents cannot establish actual mailroom delays in their own circumstances, let alone in the instant Petitioner's.

If the Court found the evidence to be less than conclusive, it would order an evidentiary hearing to test the Petitioner's allegations against the Government's evidence through oral testimony. See *Grady*, 269 F.3d at 919.  The Court was prepared to assume, absent contrary evidence, that the Petitioner's certificate of service date spoke for itself.  *Brand*, 526 F.3d at 925.  However, in light of the Government's corroborated contrary evidence that delivery procedures were prompt and routine, and uncontroverted evidence that the Petitioner's own mail deposited under similar circumstances was expeditiously transmitted,  the Court finds that the Petitioner has failed to bear his burden of establishing a nearly four-month delay in delivery, and that the evidence conclusively establishes that the Petitioner's motion to vacate was not timely delivered to prison officials.

Case No. 1:09-cr-432
Gwin, J.

Accordingly, the Court **DISMISSES** Petitioner Buck's § 2255 petition as untimely filed.

IT IS SO ORDERED.


Dated: September 13, 2011          s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE