UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
UNITED STATES OF AMERICA      :
                                                  :    CASE NO. 1:09-cr-00432
            Plaintiff-Respondent,     :
                                                  :
vs.                                              :    OPINION & ORDER
                                                  :    [Resolving Doc. No. 36]
GARY S. BUCK                             :
                                                  :
            Defendant-Petitioner.    :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Gary S. Buck moves the court to reconsider its Order dismissing his petition to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. This Court found Buck's petition was untimely filed. Because the putative new evidence in Petitioner's latest filing does not demonstrate timely delivery to prison officials, and rather reflects the Petitioner's continuing dissatisfaction with the Court's earlier ruling, the Court **DENIES** the motion to reconsider.

**I. Factual Background**

On May 6, 2011, Petitioner Buck filed a petition to set aside, vacate, or correct his sentence for being a felon in possession under 28 U.S.C. § 2255. [Doc. 26.] Because the Petitioner was sentenced on February 1, 2010, the Government moved to dismiss the petition as time-barred. [Doc. 28.] In response, the Petitioner claimed that he delivered the motion to prison officials on January 23, 2011, the same date he wrote on the signature page, and accused the Government of making "false statement[s] about the filing date." [Doc. 29.] The Court ruled that it would consider the petition timely filed under the prisoner mailbox rule unless the Government produced evidence that the petition was not delivered to prison officials until after the statute of limitations ran, [Doc. 30],

-1-

Case No. 1:09-cr-432
Gwin, J.

and on August 9, 2011, the Government filed a reply [Doc. 32] and submitted evidence in support of its motion to dismiss, including a declaration from Michael Barnes, the prison official responsible for processing inmate mail, [Doc. 32-2], and the envelopes in which the Petitioner's § 2255 motion [Doc. 32-1] and his response to the Government's motion to dismiss [Doc. 32-3] were mailed.

On September 13, 2011, the Court granted the Government's motion to dismiss, finding that the Government presented compelling evidence that the petition was not submitted to prison officials on the same date that the Petitioner wrote on the signature page, and that the Petitioner failed to meet his burden to demonstrate his entitlement to benefit from the prison mailbox exception to the statute of limitations. [Doc. 35.] In particular, the Court credited the Barnes declaration, which outlined the manner in which Priority Mail is handled within USP Hazelton, the federal penitentiary in Bruceton Mills, West Virginia where the Petitioner is incarcerated, and found that the timely delivery of the Petitioner's other filing corroborated the prompt, routine mailroom process outlined in the declaration, while the sizeable gap between the date the Petitioner claims to have delivered the petition and the post-mark date on the envelope–nearly four months–undermined the Petitioner's otherwise unsupported insistence that the motion was delivered to prison officials on January 23, 2011. [Doc. 35 at 3.]

On October 6, 2011, the Petitioner filed a "Motion for Reconsideration" dated September 29, 2011, saying that the Government's evidence as to the mailroom procedures is "completely false," and including what the Petitioner says are responses to his inquiries for descriptions of mail procedures from E. Griffin, a Correctional Counselor at USP Hazelton, and Terry O'Brien, the penitentiary's warden. [Doc. 36.] The Griffin response, dated September 26, 2011, outlines current inmate mail policy at USP Hazelton, and the O'Brien response simply directed the Petitioner to the

-2-

Case No. 1:09-cr-432
Gwin, J.

relevant internal policy. [Doc. 36 at 2-4.] The Petitioner says that these responses provide "completely different" information than that provided in what the Petitioner terms the "Fraudulent Declaration of Michael Barnes." [Doc. 36 at 4.]

## II. Standard of Law

The Federal Rules do not recognize a "Motion for Reconsideration." The Sixth Circuit has held, however, that a court may treat a motion to reconsider under the standards of Rule 59(e) of the Federal Rules of Civil Procedure. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

## III. Analysis

Though the Petitioner suggests that the information in the responses are inconsistent with the Barnes Declaration, he still does not offer, as he must, any new evidence that his petition was timely filed. *United States v. Adkins*, No. 1:01-CR-276, 2005 WL 1308055, at *2 (W.D. Mich. May 27, 2005); *Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir. 2001). Petitioner Buck failed to bear his burden of demonstrating timely filing, and his Motion for Reconsideration merely reiterates his disagreement with the Court's decision. The motion fails on that ground. *Plaskon*, 904 F. Supp at 669 (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993)) ( "A party seeking reconsideration must show more than a disagreement with

Case No. 1:09-cr-432
Gwin, J.

the Court's decision.")

Moreover, the new evidence submitted by the Petitioner is not inconsistent with the Barnes declaration. The petitioner says that Michael Barnes' representation that unlogged Priority Mail is placed in the outgoing mail bin and delivered to the post office the next work day is false, but provides no basis for discrediting the representation, merely referencing the appended responses. [Doc. 36 at 1.] Though the Griffin response references some new details about mail procedure "under normal circumstances," including some details about housing unit mailboxes and outsized packages, neither the Griffin nor the O'Brien responses undermine the Government's evidence or create any basis for the Court to reconsider, let alone reverse, its decision to credit the Barnes Declaration.

Nor does the Petitioner provide any new explanation for, or evidence tending to explain, the delay of months at issue here. The Petitioner claims that the Barnes Declaration references the incorrect Institutional Supplement Number, but the Barnes Declaration refers to both the Petitioner's preferred policy, Program Statement 5800.16, "Mail Management Manual," as well as a different Program Statement, 5265.14, "Correspondence." [Doc. 32-2 at 2.] No minor inconsistency has been shown, much less any inconsistency of sufficient weight to give the Court pause with respect to its earlier determination that the petition was not timely delivered to prison officials.

Accordingly, the Court **DENIES** the Petitioner's Motion.

IT IS SO ORDERED.

Dated: December 29, 2011　　　　　　　　　s/     *James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE