UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA :
: CASE NO. 1:09-cr-00432
Plaintiff-Respondent, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 41]
GARY S. BUCK :
:
Defendant-Petitioner. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Gary S. Buck moves the court for a certificate of appealability under 28 U.S.C. § 2253. Because reasonable jurists might disagree with the Court's determination that his habeas petition was untimely filed, the Court **GRANTS** the motion and issues a certificate of appealability.

### I. Factual Background

On May 6, 2011, Petitioner Buck filed a petition to set aside, vacate, or correct his sentence for being a felon in possession under 28 U.S.C. § 2255. [Doc. 26.] After some dispute over timely filing, and consideration of evidentiary submissions, the Court granted the government's motion to dismiss, finding that the Petitioner failed to demonstrate eligibility for the prison mailbox exception to the statute of limitations where the evidence demonstrated that his petition had been back-dated. [Doc. 35.] The Court subsequently denied the Petitioner's motion for reconsideration, [Doc. 37], and on March 19, 2012, the Petitioner filed a notice of appeal [Doc. 40] and the instant request for a certificate of appealability. [Doc. 41.]

### II. Standard of Law

To obtain a certificate of appealability, a prisoner must make a substantial showing of the

Case No. 1:09-cr-432
Gwin, J.

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "If the district court's denial of habeas relief is on procedural grounds, the petitioner must show that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Perkins v. McQuiggin, 670 F.3d 665, 669 (6th Cir. 2012) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

### III. Analysis

As he did both initially and upon reconsideration, the Petitioner submits that his signature provides evidence of timely submission (under the prison mailbox rule) and attacks the credibility and adequacy of the contrary evidence submitted by the government.

Though a dated signature is evidence of timely filing, the Court need not treat it as irrefutable in light of contrary evidence. Both initially and upon reconsideration, the Court found that the government's evidence demonstrates highly routinized and reliable mail procedures, corroborated by the swift and reliable delivery of the Petitioner's other filings, and convincingly establishes that the alleged delay of nearly four months was the manufactured product of a back-dated signature. [Doc. 35]; [Doc. 37.] Rather than making an affirmative showing to carry his burden of proof, the Petitioner rested on his signature and launched sidelong attacks at irrelevant details in the government's submitted evidence, without providing any account for the otherwise swift and reliable delivery of his mail, or any supporting, factually testable details as to how and when it was in fact submitted. [Doc. 36.] The Petitioner still fails to provide specific reasons to credit the signature on his petition over the extensive contrary evidence and find that petition was timely delivered to prison officials nearly four months before it was filed.

Case No. 1:09-cr-432
Gwin, J.

Nonetheless, reasonable jurists might disagree with the Court as to the import of the unusually long delay, or the lack of detail in the Petitioner's allegations of timely filing, or the weight and impact of the Government's evidence. Accordingly, the Court **GRANTS** the Petitioner's motion and certifies the question of timely filing for appeal.

    IT IS SO ORDERED.


Dated: April 13, 2012                                   s/       *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE